IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSENDO ROBERT RAMIREZ,

    Plaintiff,                          No. CIV S-11-1004 DAD P

    vs.

JOHN POTTER, et al.,

    Defendants.              ORDER

/

        Plaintiff, a detainee at the Eloy Detention Center in Eloy, Arizona[1], is proceeding pro se with what he purports to be a Bivens action (Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)) over which this court has jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).  Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c).  See Doc. No. 4.

/////

---

[1] According to the website of the Corrections Corporation of America, it operates the Eloy Detention Center and identifies the "customer base" of that privately operated facility as the U.S. Immigration and Customs Enforcement (ICE).

1

## I. In Forma Pauperis Application

Plaintiff's in forma pauperis application is incomplete because he has not attached a certified copy of his inmate trust account statement for the six-month period immediately preceding the filing of the complaint in this action. See 28 U.S.C. § 1915(a)(2). Should plaintiff wish to proceed with this action, he must submit a certified copy of his inmate trust account statement for the relevant six-month period within thirty days from the date of this order.

## II. Plaintiff's Complaint

Plaintiff names as defendants in this action U.S. Postmaster General John Potter, U.S. Postal Inspector Sara Harlan, Department of Homeland Security - Immigration & Customs Enforcement Officers Katrina Kane and Marc Vallezor, Chief Medical Officer at Eloy Detention Center Commander George, and Chief of Unit Management at Eloy Detention Center Gina Sween as defendants. In his difficult-to-decipher complaint plaintiff appears to allege as follows. He was an employee of the U.S. Postal Service, at some unidentified postal facility, where he was discriminated against, retaliated against and harassed on the basis of race, national origin, color, veteran status, disability, sex, religion, marital status and political affiliation. (Compl. at 6, 8 of 11.) He was suspended from his job on September 23, 2010 and fired on February 7, 2011, when the Postal Service contacted Department of Homeland Security - Immigration & Customs Enforcement officers and wrongfully provided false information regarding plaintiff to them resulting in plaintiff being taken into custody, presumably for deportation or exclusion from the United States. (Id. at 6.) This was done, in part, in retaliation against plaintiff for filing EEO and OSHA complaints. (Id. at 9.)

In taking plaintiff into custody, Department of Homeland Security - Immigration & Customs Enforcement officers severely injured him. (Id. at 7.) The defendants conspired to have plaintiff fired so that he could not post bail in his immigration case. (Id.) Plaintiff's injury has not been adequately treated since his detention at the Eloy facility. (Id. at 8.) Since his incarceration at the Eloy Detention Center plaintiff has received no treatment for other medical


conditions from which he suffers, has been provided with an inadequate diet, has been denied shoes, mail, access to the library, an adequate grievance process and a copy of the rules governing that facility, along with a myriad of other alleged violation of his rights.  (Id. at 8,10.)

**III.  Screening Requirement**

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

(1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, the allegations in plaintiff's complaint are so vague and conclusory and undecipherable that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, plaintiff must allege specific facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

### A. Claims Concerning Conditions of Confinement at Eloy Detention Center

Plaintiff is also advised that this court is not the proper venue in which to proceed with respect to any claims concerning the alleged use of excessive force, inadequate medical care, the processing of detainee grievances and legal mail or any other conditions of his confinement at the Eloy Detention Center. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). With respect to any claims regarding the conditions of his confinement at the Eloy Detention Center, both plaintiff and the defendants named with respect to such claims reside in Pinal County in Arizona and any such claims arose in Pinal County, Arizona. Therefore, plaintiff should not include claims and allegations concerning the conditions of his confinement in Arizona in any amended complaint he elects to file in this court. Rather, should plaintiff wish to pursue his claims with respect to the conditions of his confinement, he must file a separate action setting forth those claims in the U.S. District Court for the District of Arizona - Phoenix Division.

### B. Plaintiff's Challenges to the Legality of His Detention

Plaintiff is also advised that he may not challenge the legality of his detention in a federal <u>Bivens</u> action. When a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1990). Therefore, the court cannot consider in this purported <u>Bivens</u> action whether plaintiff was properly detained by U.S. Immigration authorities or whether deportation proceedings brought against him have been or are being properly conducted.

5

**C. Allegations Suggesting Unlawful Termination of Postal Service Employment**

To the extent that plaintiff is attempting to allege that his termination from employment with the U.S. Postal Service was the result of unlawful discrimination against him, it appears that any such action may be barred. Title VII "permits an aggrieved [federal] employee to file a civil action in a federal district court," but first, as a "precondition[ ]" to filing, "the complainant must seek relief in the agency that has allegedly discriminated against him." Kraus v. Presidio Trust Facilities Div./Residential Mgt., 572 F.3d 1039, 1043 (9th Cir. 2009) (quoting Brown v. General Services Administration, 425 U.S. 820, 832 (1976)). See also 42 U.S.C. § 2000e-16(c). "[A]lthough the regulatory pre-filing exhaustion requirement . . . 'does not carry the full weight of statutory authority' and is not a jurisdictional prerequisite for suit in federal court, we have consistently held that, absent waiver, estoppel, or equitable tolling, 'failure to comply with this regulation [is] . . . fatal to a federal employee's discrimination claim' in federal court. Kraus, 572 F.3d at 1043 (quoting Lyons v. England, 307 F.3d 1092, 1105 (9th Cir.2002)). Here, plaintiff has failed to allege in his complaint that he satisfied this pre-filing exhaustion requirement with respect to any employment discrimination claim. Moreover, plaintiff has not alleged that he obtained a notice of the right to sue from the Equal Employment Opportunity Commission. See 42 U.S. C. §§ 2000e-5(a) and 2000e-5(f). Finally, in his complaint plaintiff has named only individual defendants who cannot be held personally liable under Title VII. Kang v. U. Lim America, Inc., 296 F.3d 810, 822 n4. (9th Cir. 2002); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993).

**D. Bivens Action Against Federal Officers and Employees**

Plaintiffs who seek to allege claims for redress of the deprivation of their constitutional rights by federal officers may bring an action under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), if the claim is alleged against a federal employee in his or her individual capacity. FDIC v. Meyer, 510 U.S. 471, 485-

/////

86 (1994); Vaccaro v. Dobre, 81 F.3d 854, 856 (9th Cir. 1996).[2]  However, in order to have an actionable Bivens-type conspiracy claim, the plaintiff must allege facts showing (1) the existence of an express or implied agreement among federal officers to deprive plaintiff of constitutional rights and (2) an actual deprivation of those rights resulting from the federal officers' agreement. Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991).  See generally Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) (a claim of conspiracy must be based on allegations that establish the existence of a conspiracy); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991) ( "A mere allegation of conspiracy without factual specificity is insufficient to support a claim.").

        Here, plaintiff in his complaint offers only conclusory allegations that the named defendants violated his constitutional rights.  Moreover, any Bivens-type claim against defendant U.S. Postmaster General Potter would be subject to dismissal because defendant Potter appears to have has been sued in his capacity as head of an agency.  See Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996) (a Bivens action can be maintained against a defendant in his or her individual capacity only and not in his or her official capacity); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987).  Bivens creates a cause of action only against federal officials who participated directly in the claimed constitutional violation, and the doctrine of respondeat superior cannot be invoked to support such a cause of action.  Bibeau v. Pacific Northwest Research Found. Inc., 188 F.3d 1105, 1114 (9th Cir. 1999) (citing Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991)).  Here, plaintiff's complaint alleges no facts that would support a

---

[2] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, the Supreme Court held that the plaintiff could seek to recover monetary damages for injury sustained when federal officers violated his Fourth Amendment rights. 403 U.S. 388, 392-94, 397 (1971). The Court found that the right to such redress arose directly under the Fourth Amendment. Id.  The Bivens remedy is not restricted to claims arising under the Fourth Amendment. See Davis v. Passman 442 U.S. 228, 248-49 (1979) (recognizing a damages remedy, in the context of alleged gender discrimination, for federal officers' violations of the equal protection component of the Fifth Amendment); Gibson v. United States, 781 F.2d 1334, 1341-42 (9th Cir. 1986) (joining other circuits in recognizing that First Amendment claims are properly cognizable through a Bivens-type action).

Bivens-type claim against any individual federal official. The pleading also fails to allege facts showing the existence of an agreement among individual federal officials or an actual deprivation of rights resulting from such an agreement.

**IV. Other Matters**

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Plaintiff has also filed a motion for preliminary injunction, requesting an order to prohibit retaliatory actions against him by unspecified persons at the Eloy Detention Center. As explained above, the Eastern District of California is not the proper venue for plaintiff's claims concerning the alleged conditions of his confinement at Eloy Detention Center in Arizona. Therefore, the motion will be denied without prejudice to plaintiff's filing of a separate complaint and motion for preliminary injunction concerning those issues with the U.S. District Court in the District of Arizona.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, plaintiff shall submit a certified copy of his inmate trust account statement for the six-month period immediately preceding the filing of the complaint in this action;

2. Plaintiff's complaint is dismissed.

/////

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."

4. Failure to file a certified copy of his inmate trust account statement and an amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

5. Plaintiff's May 23, 2011 motion for the appointment of counsel (Doc. No. 6) is denied.

6. Plaintiff's May 23, 2011 motion for preliminary injunction (Doc. No. 7) is denied without prejudice.

7. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: November 17, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
rami1004.14+